Hector TULA–TIERRABLANCA; Delia Araceli Tula, Petitioners,

v.

Peter D. KEISLER,* Acting Attorney General, Respondent.

Nos. 05–76781, 06–71929.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007.**

Filed Sept. 28, 2007.

Robert L. Lewis, Esq., Law Office of Robert L. Lewis, Oakland, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Julie M. Iversen, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM ***

In these consolidated petitions, Hector Tula–Tierrablanca and Delia Araceli Tula, natives and citizens of Mexico, seek review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") order denying their applications for cancellation of removal, and the BIA's order denying their motion to reopen removal proceedings. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion. *See Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003). We dismiss the petition for review in No. 05–76781, and deny the petition for review in No. 06–71929.

We lack jurisdiction to review the agency's discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003). Petitioners' contentions that the agency failed to follow its own precedent and mis-characterized the evidence of hardship are not supported by the record and do not amount to colorable due process claims. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney

would invoke our jurisdiction."); *see also Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001) (petitioner's assertion regarding due process violation based on the "misapplication of case law" may not be reviewed).

The BIA did not abuse its discretion by denying petitioners' motion to reopen, because the BIA considered the evidence they submitted and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002) (reversing the BIA's denial of a motion to reopen if it is "arbitrary, irrational, or contrary to law.").

**PETITION FOR REVIEW in 05–76781 DISMISSED.**

**PETITION FOR REVIEW in 06–71929 DENIED.**